CLERK OF SUPERIOR. STATE
AND JUVENILE COURT
FILED FOR RECORD

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

2015 FEB 18  PM 4: 17

ELAINE C. JOHNSON, CLERK
RICHMOND COUNTY, GA.

ROBERT M. DEESE, CONSTANCE        )
DUBOSE, MICHELLE FEIST, REID      )
FORZLEY, KRISTINA FRANKEN, NICOLE )
D. FRAZIER, DONNA GENNARDO, BEAU  )
GHANN, CHRIS LETT, NIKKI PERRY    )
MENNING, MATTHEW MORRIS, BILLY F. )
NEAL, JR., LATOYA ODOM, AMBER     )
PILGRIM, KERRI SMITH, JOHN M.     )
STANKOWITZ, JESSICA SUCHANEK,     )
TARA TYLER, COURTNEY WESTMAN,     )
                                  )
                 Plaintiffs,      )
                                  )
        vs.                       )
                                  )
BONNAROO RESTAURANT GROUP, II,    )
L.P. and HIELAN PAYROLL, LLC,     )
                                  )
                 Defendants.      )

## SUMMONS

### TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Jason W. Blanchard
> TUCKER LONG, P.C.
> Post Office Box 2426
> Augusta, GA 30903

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ⎵18⎵ day of February, 2015.

Clerk of Superior/State Court

By _Patty Busbee_

Deputy Clerk

IN THE SUPERIOR COURT OF RICHMOND COUNTY

STATE OF GEORGIA

*CLERK OF SUPERIOR, STATE AND JUVENILE COURT FILED FOR RECORD*

*2015 FEB 18 PM 4: 17*

*ELAINE C. JOHNSON, CLERK RICHMOND COUNTY, GA.*

| | |
|---|---|
| ROBERT M. DEESE, CONSTANCE DUBOSE, ) <br> MICHELLE FEIST, REID FORZLEY, ) <br> KRISTINA FRANKEN, NICOLE D. FRAZIER, ) <br> DONNA GENNARDO, BEAU GHANN, CHRIS ) <br> LETT, NIKKI PERRY MENNING, ) <br> MATTHEW MORRIS, BILLY F. NEAL, JR., ) <br> LATOYA ODOM, AMBER PILGRIM, ) <br> KERRI SMITH, JOHN M. STANKOWITZ, ) <br> JESSICA SUCHANEK, TARA TYLER, ) <br> COURTNEY WESTMAN, ) <br> ) <br>        **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **BONNAROO RESTAURANT GROUP II, L.P.** ) <br> **and HIELAN PAYROLL, LLC,** ) <br> ) <br> ) <br>        **Defendants.** ) | **Civil Action File Number** <br><br> $\underline{2015\text{RCC}\vee 85}$ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Robert M. Deese, Constance Dubose, Michelle Feist, Reid Forzley, Kristina Franken, Nicole D. Frazier, Donna Gennardo, Beau Ghann, Chris Lett, Nikki Perry Menning, Matthew Morris, Billy F. Neal, Jr., Latoya Odom, Amber Pilgrim, Kerri Smith, John M. Stankowitz, Jessica Suchanek, Tara Tyler, and Courtney Westman (collectively "Plaintiffs"), by and through their attorneys, and file this Complaint against Bonnaroo Restaurant Group II, L.P. and Hielan Payroll, LLC (collectively "Defendants"), alleging the following facts and claims in order to bring this collective action on behalf of themselves and others similarly situated to recover unpaid wages, and show this Court as follows:

## NATURE OF THE SUIT

1.

The Fair Labor Standards Act ("FLSA") specifically states that Congress has found "the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Furthermore, Congress enacted the FLSA to "eliminate the conditions" that are detrimental to the general well-being of workers and their ability to maintain a minimum standard of living. 29 U.S.C. § 202(b).

2.

The FLSA, in order to eliminate detrimental conditions to workers and further its goals, establishes minimum wage requirements for employers. 29 U.S.C. § 206(a). The FLSA also establishes maximum hour and overtime pay requirements. 29 U.S.C. § 207(a).

3.

The FLSA allows employers to pay a lower cash wage rate of $2.13 per hour to employees that receive tips. 29 U.S.C. § 203(m); 29 C.F.R. § 531.50. The employer may only pay a tipped employee the lower cash wage rate if the employer takes a "tip credit." 29 C.F.R. § 531.51. A tip credit allows employers to include in the calculation of wages, the amount of tips the tipped employee receives. 29 C.F.R. 531.51; 29 U.S.C. § 203(m). However, in order to apply the tip credit toward a tipped employee's minimum wage, the employer must satisfy two conditions. First, the employer must inform the employee that it will take a tip credit. Second, tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m); 29 C.F.R. 531.59.

4.

Employers must compensate employees for all work that the employee is permitted to perform, and it is the responsibility of the employer to see that work is not performed if the employer does not desire the performance of work by the employee. 29 U.S.C. § 206; 29 C.F.R. §§ 785.11 – 785.13. An employer cannot sit back and accept the benefits of work performed by the employee without compensating the employee. 29 C.F.R. § 785.13

5.

The Defendants have violated the FLSA by requiring employees working as servers in Defendants' Chili's restaurants to participate in an invalid tip pool, whereby servers were required to pay a percentage of their tips to the Defendants, who then distributed a portion of the tip pool to employees who do not customarily and regularly receive tips. Plaintiffs bring this collective action to recover unpaid wages, liquidated damages, and attorney's fees under the FLSA.

**PARTIES, JURISDICTION AND VENUE**

6.

Plaintiff Robert M. Deese is a resident of South Carolina, Plaintiff Constance Dubose is a resident of Georgia, Plaintiff Michelle Feist is a resident of Ohio, Plaintiff Reid Forzley is a resident of Georgia, Plaintiff Kristina Franken is a resident of Georgia, Plaintiff Nicole D. Frazier is a resident of Georgia, Plaintiff Donna Gennardo is a resident of South Carolina, Plaintiff Beau Ghann is a resident of Georgia, Plaintiff Chris Lett is a resident of Georgia, Plaintiff Nikki Perry Menning is a resident of Georgia, Plaintiff Matthew Morris is a resident of Georgia, Plaintiff Billy F. Neal, Jr. is a resident of North Carolina, Plaintiff Latoya Odom is a resident of Georgia, Plaintiff Amber Pilgrim is a resident of Georgia, Plaintiff Kerri Smith is a

resident of California, Plaintiff John M. Stankowitz is a resident of Georgia, Plaintiff Jessica Suchanek is a resident of Kentucky, Plaintiff Tara Tyler is a resident of Georgia, and Plaintiff Courtney Westman is a resident of Georgia; (collectively the "Plaintiffs"). Each of the Plaintiffs has worked for the Chili's restaurants located in Richmond County, Georgia, or Columbia County, Georgia, within the past three years. For the purposes of the claims asserted in this lawsuit, the Plaintiffs submit to the jurisdiction and venue of this Court. Each Plaintiff's consent to this action is attached hereto as Exhibit A.

7.

Defendant Bonnaroo Restaurant Group II, L.P. ("Bonnaroo II") is a Texas corporation with its principal place of business located at 2280 Highland Village Road, Suite 150 in Highland Village, Texas 75077. Defendant Bonnaroo II does not maintain its principal place of business in Georgia. Defendant Bonnaroo II may be personally served with this Summons and Complaint through its registered agent in Georgia, CT Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia 30361.

8.

As a legal entity with a registered agent located in Georgia and a legal entity doing business in Georgia, Defendant Bonnaroo II is subject to jurisdiction in Georgia. Jurisdiction and venue are proper in this Court because Defendant Bonnaroo II maintains a place of business in Richmond County at 273 Robert C. Daniel Jr. Parkway, Augusta, Georgia 30909 and Richmond County is the location where the cause of action originated. Furthermore, some of the individual Plaintiff's also worked at the place of business maintained by Defendant Bonnaroo II and located at 700 Ronald Reagan Dr., Evans, Georgia 30809.

9.

Defendant Hielan Payroll, LLC. ("Hielan Payroll") is a Texas corporation with its principal place of business located at 2280 Highland Village Road, Suite 150 in Highland Village, Texas 75077. Defendant Hielan Payroll does not maintain its principal place of business in Georgia. Defendant Hielan Payroll may be personally served with this Summons and Complaint through its registered agent in Georgia, CT Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia 30361.

10.

As a legal entity with a registered agent located in Georgia and a legal entity doing business in Georgia, Defendant Hielan Payroll is subject to jurisdiction in Georgia. Jurisdiction and venue are proper in this Court because Defendant Hielan Payroll maintains a place of business in Richmond County at 273 Robert C. Daniel Jr. Parkway, Augusta, Georgia 30909 and Richmond County is the location where the cause of action originated. Additionally, Defendant Hielan Payroll issued paychecks, in Richmond County, Georgia, to each of the Plaintiffs and also issued paychecks in Columbia County, Georgia, to some of the Plaintiffs.

11.

Defendant Bonnaroo II owns and operates full-service restaurants under the trade names of Chili's Restaurant and Chili's Bar and Grill (the "Chili's Restaurants"). Upon information and belief, the Chili's Restaurants are wholly owned, operated and managed by Defendant Bonnaroo II and Hielan Payroll, LLC. Defendants are believed to own, operate, and manage at least 20 Chili's Restaurants throughout Georgia and South Carolina, and all business and personnel policies for the Chili's Restaurants are promulgated by Defendants.

12.

The class of similarly situated employees consists of all current and former servers of Defendants who were required to pay a percentage of their tips into the tip pool, which was subsequently distributed to expediters ("Expos"), as well as other employees, by Defendants at the Chili's Restaurant in Augusta, Georgia; Evans, Georgia; and at additional Chili's locations throughout Georgia and South Carolina.  Upon information and belief, Defendants also required servers in all of its Chili's Restaurants to participate in invalid tip pools; the practice was not limited to the location operated in Augusta, Georgia or Evans, Georgia.  The distribution of tips to the Expos was improper because Expos are employees who do not customarily and regularly receive tips.  Additionally, the distribution of tips to other employees was potentially improper. These similarly situated persons are referred to as "Members of the Class" or the "Class" and include the servers at all of Defendants' Chili's Restaurants.  Each Defendant is an "employer" under the FLSA and acted as such in relation to Plaintiffs and Members of the Class.

## FACTUAL BACKGROUND

13.

Named Plaintiffs are each former servers at Defendant's Chili's Restaurant located at 273 Robert C. Daniel Jr. Parkway, Augusta, Georgia 30909 and/or Defendant's Chili's Restaurant located at 700 Ronald Reagan Dr., Evans, Georgia 30809.  Defendants paid each of the named Plaintiffs less than minimum wage, while taking advantage of a tip credit, which allowed Defendants to include in their calculation of Plaintiffs' wages a portion of the amounts that the Plaintiffs received in tips.  The Plaintiffs were required by the Defendants to contribute 3% of their total gross sales during each shift to a tip pool administered and controlled by Defendants.

Defendants then distributed portions of the tip pool to Expos, bartenders, bussers, and hosts. Defendants have treated Members of the Class in the same manner as Defendants have treated the named Plaintiffs.

14.

Defendants required all Plaintiffs and Members of the Class to pay 3% of gross sales into the tip pool for each table, even if the server did not receive a tip from the table being served. Accordingly, when Plaintiffs and Members of the Class were not tipped, they were required to pay Defendants for the opportunity to perform work.

15.

The Expos at Defendants' Chili's Restaurants are not tipped employees.  Upon information and belief, hosts and bussers also are not tipped employees.  Plaintiffs and Members of the Class, as tipped employees, are only legally required to contribute to a tip pool from which other tipped employees will draw.  Plaintiffs and Members of the Class are entitled to retain all tips that were distributed to non-tipped employees at Defendants' Chili's Restaurants via the tip pool mandated by Defendants.  29 U.S.C. § 203(m); 29 C.F.R. §§ 531.51 and 531.54.

16.

Defendants violated the FLSA by distributing tips to non-tipped employees via the required tip pool.

17.

Defendants also violated the FLSA by requiring servers working catering jobs to contribute a portion of their tips into a mandatory tip pool, part of which was retained by Defendants to offset catering costs incurred by Defendants.

18.

Defendants' illegal pattern and practice with respect to requiring its servers to participate in a mandatory tip pool whereby non-tipped employees were paid out of the tip pool was in violation of the FLSA. Defendants knew that its policies and practices violated the FLSA, as the Chili's franchisor has been sued and held liable for requiring illegal mandatory tip pools in the past. *See Roussell v. Brinker International, Inc.*, 441 Fed. Appx. 222 (5th Cir. 2011). The tip pools deemed illegal in past lawsuits are identical, in all material respects, to the tip pool required by Defendants in this case. Defendants have not made an effort to comply with the FLSA but have knowingly and willfully, or with reckless disregard, carried out the illegal practice of distributing tips, from a mandatory tip pool, to non-tipped employees at Defendants' Chili's Restaurants. Defendants' illegal pattern and practice has impacted Plaintiffs and Members of the Class, because all of the servers at Defendants' Chili's Restaurants have been subjected to the illegal tip pool which was operated in violation of the FLSA.

## **COLLECTIVE ACTION**

19.

Other persons employed as servers at Defendants' Chili's Restaurants have been victimized by Defendants' practices and policies in violation of the FLSA. The named Plaintiffs are aware of the imposition of Defendants' practices and policies upon other current and former servers through personal conversations with Members of the Class and through observations of Defendants' requirement that Member of the Class participate in the mandatory tip pool.

20.

Defendants' pattern and practice of requiring servers to participate in a tip pool whereby tips were distributed to non-tipped employees in violation of the FLSA is a generally applicable practice which did not depend on individualized circumstances of the Members of the Class and was typical of the practice and policy imposed upon Members of the Class.

21.

All servers who were required to pay a percentage of their gross sales into the mandatory tip pool which was then distributed to non-tipped employees are similarly situated.  While the servers may have different amounts of damage due to the length of employment or frequency of work during employment, the common nucleus of facts related to the FLSA violation by Defendants is consistent across the board.  The class is defined as "All current and former servers employed by Defendants at any time during the time period of February 18, 2012 to the present who were required to pay a percentage of their tips into Defendants' mandatory tip pool, which tips were subsequently distributed to non-tipped employees."

## CAUSE OF ACTION – VIOLATION OF THE FLSA

22.

Plaintiffs hereby incorporate all allegations contained in paragraphs 1 through 21.

23.

Defendants' practice of requiring its servers to pay 3% of gross sales into a mandatory tip pool which was then distributed to non-tipped employees at Defendants' Chili's Restaurants was in violation of the FLSA.  Furthermore, any payments into the tip pool retained by Defendants were retained in violation of the FLSA.  As such, Plaintiffs and similarly situated Members of the Class are entitled to minimum wage for each hour worked, in addition to the amount they

were required to pay into the illegal mandatory tip pool at Defendants' Chili's Restaurants. 29 U.S.C. §§ 203 and 206.

24.

Plaintiffs and Members of the Class are also entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. §216.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Award Plaintiffs and Members of the Class minimum wage for each hour worked;

(2) Award Plaintiffs and Members of the Class damages for all amounts contributed into Defendants' mandatory tip pool;

(3) Award Plaintiffs and Members of the Class liquidated damages equal to the amount of unpaid wages;

(4) Award Plaintiffs and Members of the Class attorney's fees and costs of this action;

(5) Enter a judgment granting Plaintiffs such other, further and different relief as this Court may deem just, equitable and proper; and

(6) Grant Plaintiffs a trial by jury.

This 18th day of February, 2015.

Respectfully submitted,

TUCKER LONG, P.C.

Jason W. Blanchard
State Bar No. 105620
Thomas W. Tucker
State Bar No. 717975
Attorneys for Plaintiffs

Post Office Box 2426
Augusta, Georgia 30903
706-722-0771

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 2nd day of February, 2015.

_____
Robert M. Deese

EXHIBIT

A

**NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under

and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this ___4th___ day of February, 2015.

Constance Dubose

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this _17_ day of February, 2015.

Michelle Feist

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 2nd day of February, 2015.

Reid Forzley

## **NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this _10_ day of February, 2015.

Kristina Franken

## **NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this \17\ day of February, 2015.

Nicole D. Frazier

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 4 day of February, 2015.

Donna Gennardo

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under

and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this _13_ day of February, 2015.

_____

Beau Ghann

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this _16_ day of February, 2015.

_____
Chris Lett

## **NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 4ᵗʰ day of February, 2015.

Nikki Perry Menning

## **NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this ___5___ day of February, 2015.

Matthew Morris

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this _____ day of February, 2015.

Billy F. Neal, Jr.

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 13th day of February, 2015.

Latoya Odom

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 13 day of February, 2015.

Amber Pilgrim

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under

and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this ____ day of February, 2015.

_____
Kerri Smith

### **NOTICE OF CONSENT**

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under

and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this $\underline{2}$ day of February, 2015.

John M. Stankowitz

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 12 day of February, 2015.

Jessica Suchanek

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 2nd day of February, 2015.

Tara Tyler

## NOTICE OF CONSENT

I hereby consent to be a Plaintiff and named party in this case, which is a suit, filed under and in accordance with the Fair Labor Standard Act, to recover unpaid wages.

Dated this 2nd day of February, 2015.

Courtney Westman